JOHN STEARNS JR. *v.* JOHN BENNETT.

A mortgage, executed in good faith, conditioned to secure a note for $1500, part of the consideration of which is the agreement of the mortgagee to pay certain sums to, and for the use of, the mortgagor, and to perform certain labor for the mortgagor, is neither prohibited by Revised Statutes, chap. 131, sec. 3, nor fraudulent as against the creditors of the mortgagor.

TRESPASS, *qu. cl.* Plea, the general issue and a brief statement of soil and freehold.

The land formerly belonged to one Blake. The defendant had two notes against Blake, one dated April 15, 1864, and the other dated September 26, 1864, and defendant brought a suit upon said notes against Blake, caused the land to be attached January 28, 1865, recovered judgment November 28, 1866, and the land was set off to defendant upon execution.

Blake executed a mortgage of the land to plaintiff August 23, 1864, to secure a note of the same date for $1500, and the mortgage was recorded the next day.

The plaintiff testified that at the date of his mortgage he held notes against Blake amounting to about $335, and an account of about $475; that besides said account Blake owed him for labor, and that they verbally agreed that $100 should be the price of said labor and certain other labor to be performed that summer and autumn; that they verbally agreed that plaintiff should pay a note held by one James against Blake amounting to about $300, and should pay Blake such sum of money as, with said sums of $335, $475, $100, and $300, would make $1500;

that the note and mortgage were made in good faith, to secure said $1500, to be made up in that way; that plaintiff performed said labor and paid said James' note September 12, 1864, and paid the balance to Blake October 27, 1864; and that on said October 27, his verbal agreement was wholly performed, his other notes given up to Blake, and the whole matter adjusted, so that Blake then owed him the whole amount of the $1500 note.

The court instructed the jury that if the transaction was as stated by plaintiff, he was entitled to recover, and defendant excepted.

The verdict was for plaintiff, and defendant moved to set it aside.

*Small* and *J. F. Wiggin* for defendant.

*Hatch* and *Wood* for plaintiff.

SMITH, J.  The defendant contends that the mortgage was intended in part to secure future advances, and that part of the consideration or debt was therefore illegal under sec. 3 of chap. 131 Revised Statutes. The defendant then argues that, although a mortgage made in part to secure an existing debt is not rendered invalid by the fact that it is also intended to secure future advances when that fact fully appears in the condition of the mortgage, yet in this case the condition, which purports to secure an absolute existing debt, does not state the true character of *all* the claims attempted to be secured, and the mortgage, instead of being allowed to stand as a valid security for the existing debt, should be held fraudulent in law as against creditors.

But it seems to us that no part of the debt secured by the mortgage is within the prohibition of the statute, which is as follows : " No estate conveyed in mortgage shall be holden by the mortgagee for the payment of any sum of money, or the performance of any other thing, the obligation or liability to the payment or performance of which arises, is made or contracted, after the execution and delivery of such mortgage." Rev. Stat. ch. 131, sec. 3.  This is in substance, a re-enactment of the statute of July 3, 1829.  The statute was " intended to cut off all mortgages for the payment or security of any moneys or other things, which were not contracted for, or the liability for which did not attach, at the time of the execution of the mortgage."  No mortgage " can be valid for any future advances or accounts between the parties, which were not a matter of right and positive obligation between them at the time of the mortgage."  "A mere provision for prospective advances or accounts, resting in the discretion of the parties or either of them," is within the mischief aimed at by the statute; see Story, J., in *Leeds* v. *Cameron*, 3 Sumner 488, p. 494.

We do not think the statute should receive a construction which would invalidate any other class of mortgages than that just described, (see *Weed* v. *Barker*, 35 N. H. 386; *Richards* v. *Railroad*, 44 N. H. 127;) and it is apparent that the mortgage in the present case is not one of that class.  The plaintiff's liability to make the payments, and perform the labor, requisite to make up the sum of $1500, attached to

him at the time of the execution of the mortgage, and was then a matter of positive obligation between the mortgagor and mortgagee. There was no provision for prospective advances resting in the discretion of the parties or either of them. The plaintiff's promises to make certain payments and perform certain labor constituted a sufficient consideration for the mortgagor's absolute note. A promise is a valid consideration for a promise. It is upon this principle that cross notes are held to be a good consideration for each other ; see 1 Parsons on Notes and Bills, 199.

A mortgage given in good faith to secure a note made up in this manner is not fraudulent ; see *Prescott* v. *Noyes*, 43 N. H. 593.

We do not wish to be understood as holding that a mortgage given to secure an absolute note intended as a security for advances hereafter to be made, would be valid if at the time of the execution of the mortgage the amount of the advances was not agreed upon, or the mortgagee was under no obligation to make them.

*Judgment to be rendered on the verdict.*